FILED

MAR 1 3 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE ERNESTO SANCHEZ-VEGA,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Criminal Case No.: 18-CR-00945-WQH
Magistrate Case No.: 18-MJ-00363-KSC

DEPOSITION ORDER FOR
MATERIAL WITNESSES

## ORDER

    Upon request of material witnesses: BIN BIN LIU, and MEI YU LIN (hereinafter collectively referred to as "material witnesses" or "the witnesses" and their counsel, SAUNDRA L. JONES, and good cause appearing:

    1.    The material witnesses each being held in custody in case number: 18-MJ-00363-KSC / 18-CR-00945-WQH shall be deposed on _April 3, 2018_, 2018, beginning at _10:00 AM_ The depositions will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California. An employee of the United States Attorney's Office shall serve as the videographer.

2. All parties, meaning the United States and the defendant(s), shall attend the material witness depositions. The arresting agency shall bring the material witness(es) to the deposition. If, in custody, the above-named defendants shall be brought separately to the depositions and an agent or officer from the Department of Homeland Security shall remain present during the entire proceeding.

3. The United States Attorney's Office shall arrange for a federally court-certified Mandarin language interpreter to be present to translate for the material witnesses. The cost of the interpreter for the material witnesses shall be borne by the United States pursuant to 28 U.S.C.§1827(c)(2).

4. If a defendant or defendants, represented by counsel appointed under the Criminal Justice Act ("CJA"), need an interpreter other than the interpreter for the material witness(es) (if any), then defense counsel shall arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28 U.S.C. §1827(2)), to be present. The cost of a separate interpreter for the defendant shall be paid by the Court.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The United States Attorney's Office shall provide a videographer (hereinafter referred to as "operator") to record the testimony of the material witnesses by way of an instant visual display method.

7. The deposition shall be recorded by digital audio and video technology or other electronic digital means, which records sound as well as visual images. At the conclusion of the deposition, on the record, the witness or any party may elect to have the witness review the digital video recording or electronic digital recording (hereinafter referred to as "video record") of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them,

shall be stated in writing, signed by the witness, delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

8.     The operator shall select and supply all equipment required to video record the deposition, and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel. The witness, or any party to the action, may object on the record to the manner in which the Operator handles of any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the video record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis of such objections.

9.     The deposition shall be recorded in a fair, impartial and objective manner. The video recording equipment shall be focused on the witness; however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness.

10.     Before examination of each witness begins, the Assistant U.S. Attorney shall state on the record his/her name; the date, time and place of the deposition; the name of the witness; the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness on the record. Prior to any counsel beginning an examination of the witness, that counsel shall identify himself/herself and his/her respective client on the record.

11.     Once the deposition begins, the operator shall not stop the video recorder until the deposition concludes, except that, any party or the witness may request a brief recess, which request shall be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the

deposition requires the use of more than one storage disk or drive, the operator shall sequentially identify on the record the end and beginning of each storage device.

12. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the deposition.

13. The party offering the deposition in evidence at trial shall provide the Court with a transcript of the portions so offered. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in nonstenographic video format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed.R.Civ.P. 32(c)

14. Copies of all exhibits utilized during the video recorded depositions shall be marked for identification during the deposition and filed along with the video record.

15. At the conclusion of each deposition, any objection, including the basis, to release of the material witness from custody shall be stated on the record. If there is no objection, then in accordance with Federal Rules of Criminal Procedure Rule 15(a)(2), the attorney for the material witness shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness" and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody the attorney for the Government shall serve the material witness with a subpoena for the trial date, a travel fund advance letter, and written authorization to enter the United States to testify at trial.

16. The operator shall provide a copy of the video recorded deposition to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator shall deliver the original video record to the notary, along with a certificate signed by the operator attesting that it is an accurate and complete recording of the deposition. The notary shall file the original video record and certification with

Case #: 18-CR-00945

the Clerk of Court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition.

17. The notary shall file with the Clerk of Court in a sealed envelope the original video record, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witness, and the date of the deposition. To that envelope, the notary shall attach the certificate of the operator. <u>If all counsel stipulate on the record, the Government may maintain the original video record until production is ordered by the Court or requested by any party.</u>

18. Unless waived by the parties, the notary shall give notice to all parties of the filing of the video recorded deposition with the Court pursuant to Federal Rule of Civil Procedure 30(f)(3).

19. If any party objects on the record to the release of a material witness from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case, or to such other district judge or magistrate judge as is appropriate. <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) business hours after the completion of each respective deposition, with a courtesy copy to chambers.</u> The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material witness(es), the material witness(es)' attorney shall immediately present the release order to the Court for signature and filing. Before release of the material witness(es) from custody, the Government shall serve the material witness(es) with a

/ / /

/ / /

/ / /

/ / /

Case #: 18-CR-00945

subpoena for the trial date, a travel fund advance letter and written authorization to legally enter the United States to testify at trial.

**IT IS SO ORDERED**.

DATED: _____3/13/10_____

_____
United States Magistrate Judge